WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-08151-001-PCT-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Ray Rawls, | |
| Defendant. | |

Pending before the Court is David Rawls' Appeal from the Judgement of Magistrate Judge Charles Pyle.[1] (Doc. 14, 19, 26.) The Court has considered the filings and record on appeal and affirms Mr. Rawls' conviction for violating 36 C.F.R. § 261.10(a).

I. **BACKGROUND**[2]

On August 28, 2017, two United States Forest Service ("USFS") Law Enforcement Officers, Genevieve Marie Rudnicki and Gerald Parker, received a report that a man was building a fence on federal land. (RT at 11, 84.) They were dispatched and observed Mr. Rawls constructing a fence with various tools in Kaibab National Forest. (*Id.* at 19, 87.) Officer Rudnicki asked Mr. Rawls what he was doing and whether he had a permit. (*Id.* at 18-19.) Mr. Rawls responded by stating he was building a fence and said no permit was necessary because he was on his land, even though he was building the fence on National

---

[1] Although Mr. Rawls is proceeding pro se, his handwritten, difficult to read, tardy memoranda violate Local Rule of Criminal Procedure 58.2.

[2] The background facts are taken from the Recorder's Transcript (RT) of the bench trial before the magistrate judge in *United States v. Rawls*. No. 17-PO-04336-01-PCT-CRP.

1  Forest land. (*Id.* at 18-19, 56.) Mr. Rawls also added that he was there doing the required
2  $100.00 worth of annual improvements to the land. (*Id.* at 19.)

3  Officers Rudnicki and Parker issued Mr. Rawls two citations: (a) Citation
4  FAZV001Q, Constructing a Fence Without a Special-Use Authorization in a violation of
5  36 C.F.R § 261.10(a); and (b) Citation FAZV001R, Use of National Forest System Land
6  Without Special-Use Authorization in violation of 36 C.F.R § 261.10(k). (Doc. 19-1 at 8-
7  11.) Before trial, Mr. Rawls raised a mining claim defense and requested a jury trial. (*Id.*
8  at 59-60.) Judge Pyle rejected both. (*Id.* at 2.) Thereafter, the Government dismissed
9  Citation FAZV001R and sought only monetary penalties for the other citation. (*Id.* at 62.)
10 Mr. Rawls pled not guilty to this citation and proceeded with a bench trial before Judge
11 Charles Pyle. (*Id.* at 67.)

12 During the bench trial, Mr. Rawls supplied no evidence and brought no witnesses.
13 (*Id*. at 62-66.) The Government introduced twenty-seven exhibits into evidence and
14 examined Officers Rudnicki, Parker, and Mineral Officer McLaughlin.[3] (*Id.*) One such
15 exhibit was a map of the Kaibab National Forest, indicating that Mr. Rawls was
16 constructing his fence on federal land. (RT at 57.) In addition to testifying that Mr. Rawls
17 said he was building a fence in the Kaibab National Forest, Officers Rudnicki and Parker
18 also testified that they saw a van, tools, buckets, cement, poles, and a partially constructed
19 fence post near Mr. Rawls. (*Id.* at 11, 18-19, 84, 86-7.) Furthermore, the Government called
20 Mineral Officer McLaughlin, who testified that Mr. Rawls had no special-use permit to
21 make improvements in the National Forest, which is consistent with Officer Rudnicki's
22 testimony that Mr. Rawls produced no permit or other documentation when he was issued
23 the citations. (*Id.* at 33, 64.)

24 Mr. Rawls cross-examined and re-crossed the Government's witnesses. (*See* RT 34-
25 47, 67-75, 99-115.) However, in light of the "uncontradicted testimony" that Mr. Rawls
26 was not authorized to build a fence in the Kaibab National Forest, Judge Pyle ultimately

---

27 [3] Mineral Officer McLaughlin was not present at the arrest and is not a sworn law
28 enforcement officer. (RT at 54, 59.) However, she issues special use authorizations for the
USFS. (*Id.* at 55.)

found him guilty of violating 36 C.F.R § 261.10(a) and imposed a $110.00 fine and a $10.00 special assessment fee. (Doc. 19-1 at 67-68.) This appeal followed. (Doc. 1.)

## II.     LEGAL STANDARD

Under the Federal Magistrate Act of 1979, magistrate judges, as a matter of right, have "the power to enter a sentence for a petty offense." 28 U.S.C. § 636(a)(4).

"In all cases of conviction by a United States magistrate judge," the parties are entitled to an appeal heard by a district court judge. 18 U.S.C. § 3402. Appeals must be filed within fourteen days of entry of the magistrate judge's judgment. Fed. R. Crim. P. 58(g)(2)(B). In an appeal of a petty offense or misdemeanor, the defendant is not entitled to a trial *de novo*. Fed. R. Crim. P. 58(g)(2)(D). Rather, the district court's review is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* As such, district courts review questions of fact for clear error and legal conclusions *de novo*. *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). In reviewing the sufficiency of the evidence of a conviction, the Court must view the evidence "in the light most favorable to the prosecution." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence will support a conviction where "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

## III.    DISCUSSION

Mr. Rawls argues that Judge Pyle erred in convicting him of violating 36 C.F.R § 261.10(a) because he was authorized to build a fence in the Kaibab National Forest and denied a jury trial. (Doc. 14.) The Government argues that Mr. Rawls' appeal is moot because he already paid the $120.00 fine. (Doc. 19 at 15.) While the appeal is not moot,[4] the Court finds Mr. Rawls' arguments unpersuasive. His misdemeanor conviction will be

---

[4] While the Government is correct to the extent that the Supreme Court has mooted challenges where the prisoner served the sentence, *see Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998), the mootness argument fails where, as here, the appellant has paid a fine that should be refunded by the Government if Judge Pyle's judgment is vacated. *See United States v. Lillard*, 935 F.3d 827, 832 (9th Cir. 2019) ("Lillard's interest in this appeal is apparent. If we vacate the district court's order, the government must return the $6,671.81 it has seized.").

affirmed.

### A. Violation of 36 C.F.R. § 261.10(a)

Section 261.10(a) prohibits "[c]onstructing, placing, or maintaining any kind of . . . fence, enclosure . . . or other improvement on National Forest System lands or facilities without a special-use authorization, contract, or approved operating plan when such authorization is required." 36 C.F.R § 261.10(a). During Mr. Rawls' bench trial, Officers Rudnicki and Parker both testified that Mr. Rawls said he was building a fence when they found him in the Kaibab National Forest. (RT at 19, 86.) Each also testified that they observed him with fencing tools and supplies. (*Id.* at 19, 98.) Moreover, Mineral Officer McLaughlin testified that Mr. Rawls had no special use authorization from the Forest Service to construct a fence. (*Id.* at 64.) In support of Officer McLaughlin's testimony, when Officers Rudnicki and Parker arrived, Mr. Rawls offered no documentation authorizing his construction.[5] (*Id.* at 33.) On these facts, Judge Pyle did not err in finding that Mr. Rawls violated 36 C.F.R § 261.10(a).

### B. Jury Trial

While it is generally true that the Sixth Amendment of the Constitution guarantees a right to a jury trial, this is not the case for petty offenses. *See Duncan v. State of La.*, 391 U.S. 145, 159-60 (1968) (reasoning that while a trial is constitutionally guaranteed under the Sixth Amendment for serious criminal offenses, a jury trial is not constitutionally guaranteed for petty offenses); *see also Baldwin v. New York*, 399 U.S. 66, 69 (1970) (concluding that no offense can be deemed petty for purposes of the right to trial by jury where imprisonment for more than six months is authorized). The Supreme Court has

---

[5] Although Mr. Rawls argues that Judge Pyle erred in not considering his mining claim defense, (Doc. 14), the Court agrees with Judge Pyle's pre-trial decision excluding the defense from being introduced at trial, (Doc. 19-1 at 59-60). Judge Pyle reasoned that "[h]is [mining defense] claims are esoteric, confusing, and fact intensive[,]" and should instead "be pursued in a civil action against appropriate government agency, or an administrative action." (*Id.* at 60.) He also noted that Mr. Rawls produced no documentation supporting these assertions. (*Id.*) Judge Pyle did not err in refusing to consider the mining claim defense in finding that Mr. Rawls violated 36 C.F.R § 261.10(a).

explicitly held that a defendant on trial for a petty offense was "not constitutionally entitled to a jury trial." *United States v. Nachtigal*, 507 U.S. 1, 6 (1993). Federal Rule of Criminal Procedure 58(a)(3) defines a petty offense as one "for which the court determines that, in the event of conviction, no sentence of imprisonment will be imposed."

Given that the Government only sought a monetary penalty for Mr. Rawls' violation of 36 C.F.R. §261.10(a), a Class B misdemeanor, Judge Pyle did not err in proceeding with a bench trial. (Doc. 19-1 at 62.) Like the magistrate judge in *Nachtigal*, Judge Pyle also correctly found that Mr. Rawls' Class B misdemeanor for violating 36 C.F.R § 261.10(a) was a petty offense that did not warrant a jury trial. Indeed, Mr. Rawls' conviction is clearly distinguishable from the situation in *Duncan* and *Baldwin,* where the appellants were entitled to a jury trial because a conviction meant they would face over six months in prison. In stark contrast, Mr. Rawls must pay $120.00. Simply put, Judge Pyle did not err in proceeding with a bench trial.

### IV.     CONCLUSION

Mr. Rawls has not shown that Judge Pyle erred in proceeding with a bench trial and convicting him of violating 36 C.F.R § 261.10(a).[6]

Accordingly,

**IT IS ORDERED AFFIRMING** Magistrate Judge Pyle's Judgement. (Doc. 19-1 at 67-68).

Dated this 20th day of August, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[6] The Court declines to entertain Mr. Rawls claim on appeal that he owned the property at issue or any of his other asserted defenses on the grounds that Mr. Rawls presented no evidence at trial. *See* Fed. R. Civ. P. 58(g)(2)(D) ("The defendant is not entield to a trial de novo by a district judge.").